■ SIU PING LAU et al., Respondents, v JOHN HON, Appellant, et al., Defendants.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered September 11, 1991, which granted plaintiffs' motion for a default judgment against defendant-appellant, and denied defendant's cross-motion for an order relieving him of his default, unanimously affirmed, with costs.

After a full hearing, at which defendant-appellant had the opportunity to present evidence and cross-examine plaintiffs' witnesses, the Judicial Hearing Officer concluded that defendant had been properly served pursuant to CPLR 308 (2). Inasmuch as the record substantiates the Judicial Hearing Officer's findings, his report was properly confirmed *(see, Kardanis v Velis,* 90 AD2d 727). Concur—Murphy, P. J., Sullivan, Rosenberger and Kassal, JJ.

■ MARCIAL SOLARZANO, Appellant, v POWER TEST PETRO, INC., et al., Respondents.—Judgment, Supreme Court, Bronx County (Philip C. Modesto, J.), entered March 27, 1991, which granted defendants' motion to set aside the jury verdict in favor of plaintiff and dismissed the complaint, unanimously affirmed, without costs.

The trial court properly set aside the verdict and dismissed the complaint for failure to establish a prima facie case of serious injury, as required by Insurance Law § 5104 (a). Hospital records pertaining to the treatment plaintiff received immediately after the accident and other medical and hospital records over a course of nearly five years do not show any objective medical proof that he sustained a serious injury. Plaintiff's medical expert's conclusory opinion that plaintiff was suffering from "post concussion syndrome with diffuse cerebral dysfunction" was based upon subjective complaints of occasional and recurrent headaches some five years after the accident, not upon objective medical findings so as to establish serious injury *(see, O'Neill v Rogers,* 163 AD2d 466). Concur—Murphy, P. J., Sullivan, Rosenberger and Kassal, JJ.