■ JOANNE HUNTER, Respondent, v SIEGEL, KELLEHER & KAHN et al., Appellants. [832 NYS2d 362]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 20, 2006 in a legal malpractice action. The order denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff would have been successful in the underlying action based upon a serious injury she sustained under the 90/180 category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff retained defendants to commence a personal injury action to recover damages for injuries she alleg-

edly sustained in an automobile accident on March 23, 1999. It is undisputed that defendants did not timely commence that action. Plaintiff thereafter commenced this legal malpractice action alleging that she would have been successful in the underlying action based upon serious injuries she sustained under the significant limitation of use and 90/180 categories of serious injury within the meaning of Insurance Law § 5102 (d), and that she was deprived of a remedy for her injuries by defendants' negligence.

Contrary to the contention of defendants, Supreme Court properly denied their motion for summary judgment dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury under the significant limitation of use category. In support of their motion, defendants had to establish that "plaintiff is unable to prove at least one of [the] essential elements of a malpractice cause of action" (*Ippolito v McCormack, Damiani, Lowe & Mellon*, 265 AD2d 303, 303 [1999]), and here defendants asserted in support of their motion that plaintiff did not sustain a serious injury in the March 1999 accident and thus would not have been successful in the underlying action even if it had been timely commenced. Defendants submitted the affidavit of a medical expert who opined that plaintiff sustained only a mild cervical strain in the March 1999 accident and that plaintiff's injuries were the result of a second motor vehicle accident occurring in November 1999 (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]; *see generally Clark v Perry*, 21 AD3d 1373 [2005]). The expert also noted, however, that plaintiff's "cervical spine was limited in left rotation by 50%, extension by 50%, and flexion by 25%," that plaintiff had been diagnosed with disc herniations, and that she was required to undergo an anterior cervical discectomy and fusion in an attempt to correct those conditions. We thus conclude that defendants' submissions established that plaintiff had a significant limitation of use of a body function or system (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]), and that plaintiff's burden in opposition was therefore limited to addressing the alleged lack of causation (*see Clark*, 21 AD3d at 1374). In response, plaintiff submitted competent medical evidence establishing that her injuries were caused in part by the March 1999 accident and thus raised a triable issue of fact whether she would have been successful in the underlying action based upon a serious injury under the significant limitation of use category (*see generally Pommells*, 4 NY3d at 577).

We agree with defendants, however, that plaintiff would not

have been successful in the underlying action based upon a serious injury under the 90/180 category, and we therefore modify the order accordingly. Defendants established that plaintiff resumed working immediately after the subject accident and continued many of her normal activities throughout the relevant period, and plaintiff failed to raise a triable issue of fact whether she was unable to perform substantially all of the material acts that constituted her usual and customary daily activities (*see Robinson v Polasky*, 32 AD3d 1215 [2006]; *Burns v McCabe*, 17 AD3d 1111 [2005]). Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.