■ Alice Alcombrack et al., Respondents, v W.L. Swarts, Appellant. [856 NYS2d 357]—

Memorandum: Wesley C. Alcombrack (decedent) and his wife, plaintiff Alice Alcombrack, commenced this action seeking damages for injuries sustained by decedent when the vehicle driven by defendant collided with the pickup truck driven by decedent. Decedent died approximately 18 months after the collision. As a result of the collision, decedent's pickup truck rolled over multiple times before coming to rest upside down on the side of the road, with decedent hanging from his seatbelt. Decedent testified at his deposition that he felt "dazed," but he did not lose consciousness. Decedent refused to go to the hospital for treatment immediately following the collision but, later that evening, he sought treatment for headaches at an urgent care facility. Although X rays, a CAT scan and an MRI of his head showed no brain injury, decedent continued to receive treatment for headaches from his primary care physician.

Plaintiffs moved for partial summary judgment on the issue of liability, including the issue of serious injury pursuant to Insurance Law § 5102 (d). Defendant conceded his negligence in causing the collision inasmuch as he drove through a stop sign, but he cross-moved for summary judgment dismissing the complaint on the ground that decedent had not sustained a serious injury. In granting plaintiffs' motion, Supreme Court determined in relevant part that plaintiffs established their entitlement to judgment as a matter of law with respect to the 90/180 category of serious injury. That was error and, indeed, we conclude that the court should have granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs failed to meet their initial burden with respect to the 90/180 category inasmuch as they failed to submit objective evidence establishing that decedent sustained "a medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]; see Nitti v Clerrico, 98 NY2d 345, 357 [2002]; Parkhill v Cleary, 305 AD2d 1088, 1090 [2003]; Calucci v Baker, 299 AD2d 897, 898 [2002]). The affidavit of decedent's treating physician is insufficient to establish plaintiffs' entitlement to judgment as a matter of law because it is based solely on decedent's subjective complaints of headaches (see Burke v Carney, 37 AD3d 1107, 1108 [2007]; Constantine v

*Serafin,* 16 AD3d 1145, 1146 [2005]; *Solarzano v Power Test Petro,* 181 AD2d 631 [1992], *lv denied* 80 NY2d 759 [1992]; *see also Fitzmaurice v Chase,* 288 AD2d 651, 653-654 [2001]). Plaintiffs contend that the affidavit constituted objective evidence of a medically determined injury because it was based upon the physician's observation of actual, quantified limitations. We reject that contention. The headaches suffered by decedent were not physical limitations that could be observed by his treating physician and, in any event, the affidavit did not include any observations of quantified limitations (*cf. O'Neal v Cancilla,* 294 AD2d 921 [2002]; *Tompkins v Burtnick,* 236 AD2d 708, 709 [1997]; *Parker v Defontaine-Stratton,* 231 AD2d 412, 413 [1996]).

With respect to defendant's cross motion, because plaintiffs did not specify in the pleadings any particular category or categories of serious injury allegedly sustained by decedent, defendant was required to establish that decedent did not as a matter of law sustain a serious injury under any category (*cf. Manrique v Warshaw Woolen Assoc.,* 297 AD2d 519, 519-520 [2002]; *see generally Randazzo v Our Lady of Mercy Med. Ctr.,* 284 AD2d 158 [2001]). We conclude that defendant met that burden. In support of his cross motion, defendant submitted the affirmation of a physician who reviewed the medical records of decedent and determined that he had not sustained a serious head injury. Defendant also submitted medical records indicating that decedent sought medical treatment for a variety of symptoms following the collision but that none of the tests performed on his head revealed a medically determined injury that caused his headaches. We thus conclude that defendant met his initial burden with respect to the 90/180 category, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Contrary to plaintiffs' contention, the failure of defendant to obtain an independent medical examination of decedent did not require denial of his cross motion. A qualified physician's opinion based upon a review of decedent's medical records may constitute competent evidence sufficient to meet defendant's burden (*see e.g. Monk v Dupuis,* 287 AD2d 187, 189 [2001]). We also reject plaintiffs' contention that the physician's affirmation submitted by defendant was insufficient to establish his entitlement to judgment as a matter of law because the physician failed to address the required time period under the 90/180 category. The physician described his review of decedent's medical records from the relevant time period and set forth his conclusions with respect to those records. The physician's conclusion that decedent "did not sustain a serious head injury" is broad enough to encompass

all the categories enumerated in Insurance Law § 5102 (d). Present—Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.