■ HOUSTON WHISENANT, Respondent, v RAFIUL FARAZI et al., Appellants. [891 NYS2d 13]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered March 17, 2009, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants met their initial burden of establishing prima facie that plaintiff did not sustain a serious injury to his left ankle through their examining orthopedist's affirmed report, which showed quantified range-of-motion findings within normal limits, and plaintiff's deposition testimony which indicated little or no restriction of his daily activities due to the hospital-diagnosed ankle sprain. The burden having shifted, plaintiff's orthopedist's finding of range-of-motion limitations in plaintiff's left ankle was not sufficiently contemporaneous with the accident to be probative of the claim (*see e.g. Valentin v Pomilla,* 59 AD3d 184, 185 [2009]; *Thompson v Abbasi,* 15 AD3d 95, 97-98 [2005]). Plaintiff's testimony as to physical therapy attendance was unsupported by any documentation, and references by plaintiff's orthopedist to such therapy in his affirmed report constituted impermissible hearsay (*see e.g. Toulson v Young Han Pae,* 13 AD3d 317, 319 [2004]). There were admitted gaps in treatment, and plaintiff's orthopedist's offer of an explanation regarding the gaps, grounded, in part, on plaintiff's lack of insurance and lack of financial means, was hearsay, and did not satisfactorily explain the cessation of treatment under the circumstances (*see generally Pommells v Perez,* 4 NY3d 566 [2005]). Plaintiff's MRI scan, which, according to the radiologist, evidenced partial tears to two ligaments in plaintiff's left ankle, was taken three years post-accident, too remote to be probative of plaintiff's accident-related claim, particularly since the radiologist offered no opinion as to a causal connection between the ligament tears and the accident (*see e.g. Dembele v Cambisaca,* 59 AD3d 352 [2009]). Plaintiff's orthopedist's opinion that the ligament tears were caused by the accident was not medically explained.

Plaintiff's serious injury claim predicated on an alleged in-

ability to engage in substantially all his daily activities for 90 of the first 180 days post-accident was refuted by his own testimony. Plaintiff testified that he was confined to the house for two days, missed only three days of work and had some ankle pain when walking long distances, playing tennis and swimming. Further, plaintiff failed to offer the requisite competent medical proof to substantiate his serious injury under the 90/180 day category (*see DeSouza v Hamilton*, 55 AD3d 352 [2008]).

Plaintiff's belated claim of serious injury under the significant disfigurement category of Insurance Law § 5102 (d) was not pleaded, and is therefore waived. In any event, the photographic evidence in the record, allegedly showing the abrasion scar, is unclear and of no probative value. Concur—Saxe, J.P., Nardelli, Buckley, Acosta and Friedman, JJ. **[Prior Case History: 2009 NY Slip Op 30564(U).]**