# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1123**

**CA 11-00322**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

COLLEEN O'BRIEN, PLAINTIFF-RESPONDENT-APPELLANT,

                V                              MEMORANDUM AND ORDER

LARRY J. BAINBRIDGE AND FEDEX GROUND PACKAGE
SYSTEM, INC., DEFENDANTS-APPELLANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (SARAH HANSEN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------------------------------

    Appeal and cross appeal from an order of the Supreme Court, Erie
County (Timothy J. Drury, J.), entered November 22, 2010 in a personal
injury action.  The order granted the motion of defendants for leave
to reargue and, upon reargument, granted in part the motion of
defendants for summary judgment.

    It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of defendants'
motion with respect to the 90/180-day category of serious injury
within the meaning of Insurance Law § 5102 (d) and dismissing the
complaint, as amplified by the amended bill of particulars, to that
further extent and as modified the order is affirmed without costs.

    Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when the United States Postal Service vehicle
she was driving was broadsided at an intersection in the City of
Buffalo by a delivery truck owned and operated by defendant Larry J.
Bainbridge pursuant to a contract for package delivery with defendant
FedEx Ground Package System, Inc.  In appeal No. 1, defendants appeal
and plaintiff cross-appeals from an order denying defendants' motion
for summary judgment dismissing the complaint on the ground that
plaintiff did not sustain a serious injury within the meaning of
Insurance Law § 5102 (d) and denying plaintiff's cross motion for
partial summary judgment on the issue of serious injury.  We note at
the outset that, in her original bill of particulars, plaintiff
alleged that she sustained four categories of serious injury, i.e, the
significant disfigurement, permanent loss of use, significant
limitation of use and 90/180-day categories.  In her amended bill of
particulars, however, which predates Supreme Court's decision in
appeal No. 1, plaintiff added the category of permanent consequential

limitation of use.  In its written decision underlying the order in appeal No. 1, the court addressed only the initial four categories in denying defendants' motion, but did not address the additional fifth category.  Thus, the permanent loss of use category remained intact despite the court's failure to address it expressly in the order, inasmuch as the decision controls the order in the case of a discrepancy between the two (*see generally Matter of Edward V.*, 204 AD2d 1060), and neither party challenges the court's ruling with respect to that category.

In appeal No. 2, defendants appeal and plaintiff cross-appeals from an order granting defendants' motion for leave to reargue and, upon reargument, granting those parts of defendants' motion for summary judgment dismissing the complaint, as amplified by the amended bill of particulars, with respect to the permanent consequential limitation of use and the significant limitation of use categories of serious injury.  The court denied the motion with respect to the three remaining categories of serious injury allegedly sustained by plaintiff, but the court expressly addressed only two of those categories, i.e., the significant disfigurement and the 90/180-day categories.  We note at the outset that appeal No. 1 must be dismissed insofar as the order therein addresses defendants' motion, because such order was superseded by the order in appeal No. 2 with respect defendants' motion (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985).  We further note that plaintiff in appeal No. 2 did not seek leave to reargue her cross motion in appeal No. 1.

With respect to appeal No. 2, we conclude that the court properly granted those parts of defendants' motion with respect to the permanent consequential limitation of use and the significant limitation of use categories of serious injury.  Contrary to plaintiff's contention, defendants met their initial burden on the motion with respect to those categories, and plaintiff failed to submit the requisite objective evidence of plaintiff's alleged injury "to satisfy the statutory serious injury threshold" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350).  The evidence submitted by plaintiff consisted primarily of subjective complaints of pain, which are insufficient to satisfy the statutory threshold (*see Gaddy v Eyler*, 79 NY2d 955, 957-958).  Although plaintiff also submitted some physician findings of loss of range of motion, it is well settled that "a finding of reduced range of motion *alone* is insufficient to support a finding of serious injury because such a determination is based on subjective complaints of pain, [and this record is otherwise] devoid of any independent objective medical evidence of a serious injury" (*Durham v New York E. Travel, Inc.*, 2 AD3d 1113, 1115; *see Parreno v Jumbo Trucking, Inc.*, 40 AD3d 520, 523-524).  Moreover, we agree with defendants in appeal No. 2 that the court erred in denying that part of their motion with respect to the 90/180-day category inasmuch as there is no "objective evidence of a medically determined injury or impairment of a non-permanent nature" (*Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [internal quotation marks omitted]).  We therefore modify the order in appeal No. 2 accordingly.

Finally, with respect to the significant disfigurement category of serious injury based upon the scars on plaintiff's leg, we conclude that the issue whether " 'a reasonable person viewing the plaintiff's [leg] in its altered state would regard the condition as unattractive, objectionable or as the subject of pity or scorn' " presents an issue of fact that cannot be resolved by way of summary judgment (*Waldron v Wild*, 96 AD2d 190, 194; *see Savage v Delacruz*, 100 AD2d 707, 707-708). Thus, the issue of whether plaintiff's scars constitute a significant disfigurement should be decided by the trier of fact, along with the remaining category of permanent loss of use.

Entered:  November 18, 2011                 Patricia L. Morgan
                                             Clerk of the Court