# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**266**
**CA 11-01972**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THERESA HARRITY,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                          MEMORANDUM AND ORDER

JARED M. LEONE AND MARTIN PETERSON,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (ALISON M.K. LEE OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT JARED M. LEONE.

LAW OFFICES OF KAREN LAWRENCE, DEWITT (BARNEY F. BILELLO OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT MARTIN PETERSON.

CELLINO & BARNES, P.C., ROCHESTER (SAREER A. FAZILI OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeals and cross appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered February 8, 2011 in a personal injury action. The order granted in part and denied in part the respective motion and cross motions of the parties for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of plaintiff's cross motion seeking dismissal of the first affirmative defense in each answer and reinstating that affirmative defense and by transposing defendants' surnames in the last ordering paragraph, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle in which she was a passenger, driven by defendant Jared M. Leone, collided with a vehicle driven by defendant Martin Peterson. Supreme Court granted those parts of defendants' respective motion and cross motion for summary judgment dismissing plaintiff's claims under the significant disfigurement and the 90/180-day categories of serious injury within the meaning of Insurance Law § 5102 (d), but denied those parts of their motions on the issue of negligence and on plaintiff's claims under the permanent consequential limitation of use and the significant limitation of use categories of serious injury. In addition, the court granted that part of plaintiff's cross motion seeking dismissal of the affirmative defenses alleging plaintiff's

culpable conduct, failure to wear a seatbelt, and improper service, but denied that part of plaintiff's cross motion for partial summary judgment on the issue of serious injury. This appeal by defendants and cross appeal by plaintiff ensued. We note at the outset that plaintiff has abandoned any contention with respect to the serious disfigurement category of serious injury and we therefore do not address it (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Contrary to plaintiff's contention, the court properly granted those parts of defendants' respective motion and cross motion with respect to the 90/180-day category of serious injury. Defendants submitted plaintiff's medical records establishing that there are no "objective medical findings of a medically determined injury or impairment of a nonpermanent nature which caused the alleged limitations on [her] daily activities" within 90 of the 180 days immediately following the occurrence of the injury or impairment (*Dabiere v Yager*, 297 AD2d 831, 832, *lv denied* 99 NY2d 503; *see* Insurance Law § 5102 [d]; *O'Brien v Bainbridge*, 89 AD3d 1511, 1512-1513). Based on the record before us we agree with the court's reasoning in its decision that plaintiff failed to raise an issue of fact with respect thereto (*see generally Linton v Nawaz*, 62 AD3d 434, 443, *affd* 14 NY3d 821). Contrary to the contentions of defendants, however, the court properly denied those parts of their motion and cross motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. Defendants met their initial burden with respect to those categories by submitting the affirmation of a physician, who concluded that plaintiff had only degenerative changes in her spine and had suffered only a strain injury, and that her subjective complaints were not based on objective medical findings (*see generally Eteng v Dajos Transp.*, 89 AD3d 506, 507; *Herbst v Marshall* [appeal No. 2], 49 AD3d 1194, 1195). Plaintiff, however, raised an issue of fact with respect to those two categories by submitting the affidavit of her treating physician, who outlined the objective medical evidence of plaintiff's injury in those two categories, including a positive EMG test indicating acute bilateral radiculopathy at the L5 nerve root (*see Frizzell v Giannetti*, 34 AD3d 1202, 1203), positive straight leg tests (*see id.; see also Lavali v Lavali*, 89 AD3d 574, 575), positive Patrick tests (*see Parczewski v Leone*, 14 Misc 3d 1218 [A], 2003 NY Slip Op 50065[U], *2 [Sup Ct, Queens County]; *see also Navedo v Jaime*, 32 AD3d 788, 788), and notations of muscle spasms and trigger points (*see Pagels v P.V.S. Chems., Inc.*, 266 AD2d 819, 819). Plaintiff's treating physician further raised an issue of fact by opining that the accident was the cause of plaintiff's lumbar spine injuries and continued disability, and by quantifying plaintiff's resulting limitations. Plaintiff's treating physician thus controverted the opinion offered by the physician in defendants' submissions that the worsening of plaintiff's physical problems were not caused by the trauma sustained in the accident (*see Brown v Dunlap*, 4 NY3d 566, 577-578; *cf. Pommells v Perez*, 4 NY3d 566, 575).

Contrary to the contention of the parties, the court did not dismiss the affirmative defense in Leone's answer that plaintiff failed to mitigate her damages. The order on appeal specifies that

the court dismissed a total of three affirmative defenses, i.e., plaintiff's culpable conduct, plaintiff's failure to wear a seat belt, and improper service. Leone alleged the first two, in his first and third affirmative defenses, while Peterson alleged all three, in his first through third affirmative defenses. It is clear from the record that the court merely transposed the names of those defendants in the second ordering paragraph, and we therefore modify the order accordingly. We conclude, however, that the court erred in granting that part of plaintiff's cross motion seeking dismissal of the affirmative defense of plaintiff's culpable conduct in each answer. There are records indicating that the source of plaintiff's burn to her hand was hot butter, an injury sustained at plaintiff's residence, while by plaintiff's own account her hand was burned during the accident, when meat juices spilled from a pan of pot roast that she was carrying on her lap in the vehicle. We conclude that defendants are entitled to explore that discrepancy as well as whether plaintiff's conduct in carrying a pan of pot roast on her lap was culpable. "If there is any doubt as to the availability of a defense, it should not be dismissed" (*Warwick v Cruz*, 270 AD2d 255). Likewise, although we would agree with the court that carrying the pan of pot roast was not a causative factor of the accident or of plaintiff's spinal injuries, it could have been a causative factor of the burn on her hand. We thus further modify the order by reinstating that affirmative defense in each answer.

Entered: March 16, 2012                    Frances E. Cafarell
                                           Clerk of the Court