# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

720

CA 11-02592

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

ELEANOR M. SMITH, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

CRYSTAL M. CORNELL AND CHRISTINA CORNELL,
DEFENDANTS-APPELLANTS.

---

THOMAS P. DURKIN, ROCHESTER (STEPHANIE A. MACK OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

JONES & SKIVINGTON, GENESEO (PETER K. SKIVINGTON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Livingston County (Ann Marie Taddeo, J.), entered September 9, 2011 in a personal injury action. The order denied the motion of defendants to dismiss the complaint for failure to comply with the court's scheduling order and denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when her vehicle was rear-ended by a vehicle driven by defendant Crystal M. Cornell and owned by defendant Christina Cornell. Although plaintiff failed to comply with the scheduling order with respect to completing discovery and filing a note of issue, the record establishes that plaintiff's surgery for injuries she allegedly sustained as a result of the accident was delayed on several occasions for reasons outside of her control. Thus, in the absence of a "clear abuse of discretion," we conclude that Supreme Court properly denied that part of defendants' motion seeking to dismiss the complaint based on the failure of plaintiff to comply with the scheduling order (*Roswell Park Cancer Inst. Corp. v Sodexo Am., LLC*, 68 AD3d 1720, 1721; *see Eaton v Hungerford*, 79 AD3d 1627, 1628; *cf. Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 81; *Arts4All, Ltd. v Hancock*, 54 AD3d 286, *affd* 12 NY3d 846, *rearg denied* 13 NY3d 762, *cert denied* ___ US ___, 130 S Ct 1301).

With respect to that part of defendants' motion seeking summary

judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury pursuant to Insurance Law § 5102 (d), we agree with defendants that they established their entitlement to judgment as a matter of law with respect to the 90/180-day category and that plaintiff failed to raise an issue of fact (*see generally Harrity v Leone*, 93 AD3d 1204, 1205-1206). We therefore modify the order accordingly. With respect to the significant limitation of use category of serious injury, however, we conclude that, although defendants met their initial burden, plaintiff raised an issue of fact sufficient to defeat the motion concerning that category by presenting the sworn reports of two physicians who performed independent medical examinations of plaintiff on behalf of her insurance carrier. One of the physicians determined that plaintiff had significant limited range of motion of the cervical spine and shoulders and that 50% of the limitation was attributable to the accident and the other 50% was attributable to rheumatoid arthritis, which had been dormant prior to the accident but became symptomatic as a result of the accident. Upon a further examination approximately two years later, that physician determined that 25% of plaintiff's limitations, which had increased, were attributable to the accident and that 75% were attributable to the ongoing progression of the disease. The second physician agreed with plaintiff's treating orthopedic surgeon that surgery was necessary to correct bilateral ulnar impaction syndrome, 100% of which was attributable to the accident. We therefore conclude that plaintiff presented objective medical evidence of her injuries and resulting limitations sufficient to defeat the motion with respect to the significant limitation of use category of serious injury (*see id.* at 1206).

Entered:  June 8, 2012                                Frances E. Cafarell
                                                      Clerk of the Court