**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

467
CA 11-02251
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

LINDA LEE SMITH, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

RONALD B. REEVES, JR., NOLA M. REEVES,
PHARMALOGIC SYRACUSE, LLC, AND WENDY LADUE,
DEFENDANTS-APPELLANTS.

---

MACKENZIE HUGHES LLP, SYRACUSE (JONATHAN H. BARD OF COUNSEL), FOR
DEFENDANTS-APPELLANTS RONALD B. REEVES, JR. AND NOLA M. REEVES.

LAW OFFICE OF SUSAN B. OWENS, WHITE PLAINS (PAUL J. CATONE OF
COUNSEL), FOR DEFENDANTS-APPELLANTS PHARMALOGIC SYRACUSE, LLC AND
WENDY LADUE.

GREENE & REID, PLLC, SYRACUSE (JEFFREY G. POMEROY OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

     Appeals from an order of the Supreme Court, Onondaga County (John
C. Cherundolo, A.J.), entered June 20, 2011.  The order denied the
motion of defendants Ronald B. Reeves, Jr. and Nola M. Reeves and the
cross motion of defendants Pharmalogic Syracuse, LLC and Wendy Ladue
for summary judgment dismissing the complaints.

     It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion and cross
motion are granted and the complaints are dismissed.

     Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when the vehicle in which she was a passenger,
owned by defendant Nola M. Reeves and operated by defendant Ronald B.
Reeves, Jr., collided at an intersection with a vehicle owned by
defendant Pharmalogic Syracuse, LLC and operated by defendant Wendy
Ladue.  Defendants moved and cross-moved for summary judgment
dismissing the respective complaints against them on the ground that
plaintiff did not sustain a serious injury within the meaning of
Insurance Law § 5102 (d), and Supreme Court denied the motion and
cross motion.  On appeal, plaintiff's brief limits the categories
under which she claims a serious injury to the permanent consequential
limitation of use and significant limitation of use categories of
serious injury, and we therefore deem abandoned her prior claims that
she sustained a serious injury under other categories as well (*see
Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  We reverse.

     Plaintiff alleges that she sustained a traumatic brain injury in

the accident that has resulted in symptoms of postconcussion syndrome and a "chorea-like" movement disorder of her distal extremities. We note that we have long recognized the subjective nature of complaints associated with a claim of postconcussion syndrome (*see Costa v Billingsley*, 127 AD2d 990, 991). Defendants contend that the fact that plaintiff did not seek or receive any medical treatment for 10 months following the accident renders any finding on the issue of causation speculative. We agree (*cf. Perl v Meher*, 18 NY3d 208, 217-218). We reject plaintiff's characterization of that void in medical treatment, with which the court agreed, as a "gap in treatment" (*see generally Pommells v Perez*, 4 NY3d 566, 574). Indeed, rather than a "gap in treatment," plaintiff received no treatment contemporaneous with the accident and the injuries she claims to have sustained therein (*cf. Perl*, 18 NY3d at 217-218). Further, the record establishes that none of the objective imaging tests and scans performed on plaintiff's head and brain has revealed a medically determined injury (*see Alcombrack v Swarts*, 49 AD3d 1170, 1172-1173). Defendants submitted the affirmation and report of the physician who examined plaintiff at defendants' request, who stated that the only objective test for delayed diagnosis of postconcussion syndrome is a Cerebral SPECT scan. It is undisputed that plaintiff's SPECT scan was within "normal limits." The physician further opined that, based upon the lack of medical treatment for 10 months following the accident, the negative SPECT scan and the lack of objective findings, plaintiff's neurological symptoms, including those described by some providers in the medical records as "post concussional Chorea," were not caused by the accident. In addition, defendants submitted the affirmation of another physician who examined plaintiff and concluded that, based upon the normal findings in the SPECT and MRI scans, "a post traumatic brain injury has been ruled out." Thus, defendants met their initial burden on the motion and cross motion by establishing the "absence of admissible [objective] evidence that plaintiff suffered a serious injury . . . when the accident occurred" (*Perez v Rodriguez*, 25 AD3d 506, 509).

The affirmation of plaintiff's treating physician, who examined plaintiff 10 months after the accident, is insufficient to raise an issue of fact because it fails to address the absence of objective findings on the CT, SPECT and MRI scans, relies upon subjective complaints of tenderness and headaches (*see Alcombrack*, 49 AD3d at 1171-1172), and does not contain an adequate assessment of how the alleged "chorea-like" injuries were related to the accident—particularly in light of the complete absence of any contemporaneous or objective findings on the various scans of plaintiff's brain (*see generally Toure v Avis Rent A Car Sys*., 98 NY2d 345, 350-351; *Smith v Besanceney*, 61 AD3d 1336, 1337-1338; *Fitzmaurice v Chase*, 288 AD2d 651, 653-654; *Kristel v Mitchell*, 270 AD2d 598, 599). Thus, the opinion of plaintiff's treating physician that her neurologic condition is causally related to the accident is speculative and conclusory and therefore inadequate to raise an issue of fact (*see Franchini v Palmieri*, 307 AD2d 1056, 1058, *affd* 1 NY3d 536; *Clark v Basco*, 83 AD3d 1136, 1138-1139). Similarly, the affirmation of another physician submitted by plaintiff fails to address the absence of objective findings on the SPECT, CT and MRI

scans and does not contain an adequate assessment of how the alleged "chorea-like" injuries were related to the accident and is therefore insufficient to raise an issue of fact.

Entered:  June 15, 2012                      Frances E. Cafarell
                                             Clerk of the Court