# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1464**
**CA 12-01207**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

THERESA A. SMYTH AND JOSEPH M. ZABLOTSKY,
PLAINTIFFS-RESPONDENTS,

V                                        MEMORANDUM AND ORDER

BENJAMIN J. MCDONALD, BARBARA F. MCDONALD AND
EARL L. MCDONALD, DEFENDANTS-APPELLANTS.

---

ADAMS, HANSON, REGO, CARLIN, HUGHES, KAPLAN & FISHBEIN, WILLIAMSVILLE
(BETHANY A. RUBIN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

THE CAREY FIRM, LLC, GRAND ISLAND (SHAWN W. CAREY OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Frederick
J. Marshall, J.), entered October 19, 2011 in a personal injury
action. The order denied defendants' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries Theresa A. Smyth (plaintiff) allegedly sustained when a
vehicle owned by defendants Barbara F. McDonald and Earl L. McDonald
and operated by defendant Benjamin J. McDonald rear-ended her vehicle
in October 2006. Supreme Court erred in denying defendants' motion
for summary judgment dismissing the complaint on the ground that
plaintiff did not sustain a serious injury within the meaning of
Insurance Law § 5102 (d). With respect to the permanent consequential
limitation of use and significant limitation of use categories of
serious injury allegedly sustained by plaintiff, defendants met their
initial burden on the motion by submitting, inter alia, the records
concerning medical treatment received by plaintiff immediately
following the accident, which establish that plaintiff did not sustain
a traumatic injury and that there was an unexplained gap in treatment
after plaintiff's last physical therapy visit in January 2007.
Plaintiff next sought treatment with her primary care physician in
August 2009 and thereafter resumed physical therapy. Defendants
contend that the 31-month gap in plaintiff's treatment is fatal to her
claim that she sustained a serious injury within the meaning of those
two categories of serious injury. We agree. We conclude that
plaintiffs failed to raise a triable issue of fact to defeat the
motion with respect to those two categories. Plaintiffs submitted,

inter alia, the affidavit of a physician who treated plaintiff for her back condition for the first time in October 2009, but they failed to provide a reasonable explanation for the lengthy gap in treatment (*see Pommells v Perez*, 4 NY3d 566, 574).  Thus, although the treating physician provided objective medical evidence that plaintiff was injured, the 31-month gap in treatment renders his opinion as to causation purely speculative (*see Smith v Reeves*, 96 AD3d 1550, 1551). Plaintiff stopped attending physical therapy in early 2007 because her primary care physician would not provide a new prescription for physical therapy and instead recommended that plaintiff engage in a pain management program.  Plaintiff asserted that she chose not to engage in the pain management program because she thought that she would have to take narcotic medication, which she was not willing to do, and she hoped that her injury would heal on its own over time. That, however, is not a reasonable explanation for the 31-month gap in treatment, which fatally undermines plaintiffs' claim of serious injury with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury (*see Semonian v Seidenberg*, 71 AD3d 1562, 1563; *Wei-San Hsu v Briscoe Protective Sys., Inc.*, 43 AD3d 916, 917; *Colon v Kempner*, 20 AD3d 372, 374; *see generally Pommells*, 4 NY3d at 574).  Although plaintiffs assert with respect to the gap in treatment that further physical therapy would have been palliative and that plaintiff's request for no-fault benefits was denied, those assertions are not supported by the record (*cf. Brown v Dunlap*, 4 NY3d 566, 577; *Peluso v Janice Taxi Co., Inc.*, 77 AD3d 491, 492).

With respect to the significant disfigurement category of serious injury alleged by plaintiffs, we further conclude that defendants met their initial burden on the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  In addition, plaintiffs failed to raise an issue of fact whether plaintiff sustained such an injury because the alleged disfigurement of plaintiff's scapula, of which in any event there is no photograph in the record, is not readily observable to others (*see Mahar v Bartnick*, 91 AD3d 1163, 1166; *see also Wiegand v Schunck*, 294 AD2d 839, 839), and plaintiffs did not present evidence that "a reasonable person viewing the plaintiff's [scapula] in its altered state would regard the condition as unattractive, objectionable or as the subject of pity or scorn" (*O'Brien v Bainbridge*, 89 AD3d 1511, 1513 [internal quotation marks omitted]).

Finally, with respect to the 90/180-day category of serious injury alleged by plaintiffs, we conclude that defendants met their initial burden by submitting plaintiff's "medical records establishing that there are no 'objective medical findings of a medically determined injury or impairment of a nonpermanent nature which caused the alleged limitations on [her] daily activities' within 90 of the 180 days immediately following the occurrence of the injury or impairment" (*Harrity v Leone*, 93 AD3d 1204, 1205).  Plaintiffs failed to raise an issue of fact with respect to that category.  The affidavit of plaintiff's treating physician, based upon his treatment of plaintiff beginning three years after the accident, is "too remote to be probative of plaintiff's accident-related claim" and is therefore insufficient to raise an issue of fact as to the causal link

between plaintiff's alleged injuries and her limitations within the 180 days following the accident (*Whisenant v Farazi*, 67 AD3d 535, 536; *see Smith*, 96 AD3d at 1552).

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court