# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1435**
**CA 12-01157**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

TABITHA HELLER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PETER JANSMA, DEFENDANT-APPELLANT.

---

HAGELIN KENT LLC, BUFFALO (AARON M. ADOFF OF COUNSEL), FOR
DEFENDANT-APPELLANT.

ANDREWS, BERNSTEIN & MARANTO, LLP, BUFFALO (PASQUALE V. BOCHIECHIO OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered February 3, 2012 in a personal injury action.
The order denied in part defendant's motion for summary judgment
dismissing the complaint.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion is granted
in its entirety and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she allegedly sustained in a motor vehicle collision with
defendant, and defendant moved for summary judgment dismissing the
complaint on the ground that plaintiff did not sustain a serious
injury within the meaning of Insurance Law § 5102 (d).  Supreme Court
denied that part of the motion with respect to the significant
disfigurement and significant limitation of use categories and
otherwise granted the motion.  We agree with defendant that the court
should have granted the motion in its entirety.

Defendant met his initial burden of establishing that plaintiff
did not sustain a serious injury under the significant disfigurement
category of serious injury, and plaintiff failed to raise a triable
issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d
557, 562).  The alleged 1½-inch scar on plaintiff's shin is
imperceptible in the photographs submitted by defendant in support of
the motion (*see generally Jordan v Baine*, 241 AD2d 894, 896) and,
based upon the photographs and other evidence in the record, we
conclude that defendant met his initial burden of establishing that no
reasonable person would regard the condition as unattractive,
objectionable or the subject of pity or scorn (*see generally Loiseau v
Maxwell*, 256 AD2d 450, 450).  Plaintiff's deposition testimony that
she is bothered by the scar does not raise a triable issue of fact

whether it constitutes a significant disfigurement under the statute (*see Ferguson v Temmons*, 79 AD2d 1090, 1091).

Defendant also met his initial burden with respect to the significant limitation of use category of serious injury, concerning the alleged injury to plaintiff's cervical spine, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). Defendant submitted the report of a physician who examined plaintiff on behalf of defendant stating, inter alia, that plaintiff suffered a cervicothoracic strain in the accident, a soft tissue injury from which she would be expected to recover fully in a matter of days to weeks. The report further states that there was no restriction in the range of motion of plaintiff's cervical spine, and that diagnostic testing revealed no objective evidence of injury related to the accident. In addition, defendant submitted plaintiff's deposition testimony in which she testified that she returned to work a few days after the accident and resumed her other daily activities shortly thereafter. Those submissions were sufficient to establish prima facie that plaintiff did not sustain a significant limitation of use in the accident (*see Charley v Goss*, 54 AD3d 569, 570-571, *affd* 12 NY3d 750). In opposition to the motion, plaintiff submitted the affidavit of her treating chiropractor, whose most recent examination of plaintiff predated his affidavit by more than three years and thus was insufficient to raise a triable issue of fact (*see Kreimerman v Stunis*, 74 AD3d 753, 755; *Trotter v Hart*, 285 AD2d 772, 773).

Entered:  February 1, 2013                        Frances E. Cafarell
                                                  Clerk of the Court