# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1441**
**CA 14-00972**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND SCONIERS, JJ.

---

SUE JONES, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DEAN LEFFEL, INDIVIDUALLY AND DOING BUSINESS
AS DE ASSOCIATES, DEFENDANT-RESPONDENT.

---

DAVID W. POLAK ATTORNEY AT LAW, P.C., WEST SENECA (DAVID W. POLAK OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HAGELIN KENT LLC, BUFFALO (JOSEPH A. CANEPA OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered August 1, 2013. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when her vehicle was struck by a vehicle owned and operated by defendant. We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

With respect to two of the three categories of serious injury allegedly sustained by plaintiff, i.e., a permanent consequential limitation of use and a significant limitation of use, the Court of Appeals has held that "[w]hether a limitation of use or function is significant or consequential (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Toure v Avis Rent A Car Sys*., 98 NY2d 345, 353 [internal quotation marks omitted]). In support of his motion, defendant submitted, inter alia, the affirmed report of a neurologist who examined plaintiff on defendant's behalf and reviewed her medical records. The neurologist opined that plaintiff sustained a cervicothoracic strain in the accident, i.e., a "soft tissue injur[y] from which an individual could be expected to make a full recovery . . . in a matter of weeks" (*see Heller v Jansma*, 103 AD3d 1160, 1161). He found no objective evidence that plaintiff sustained a cervical disc herniation or other acute injury as a result

of the accident and opined that there was "no objective evidence . . . [of] permanency."  "Defendant thereby established that plaintiff sustained only a mild injury as a result of the accident and that there was no objective medical evidence that plaintiff sustained a significant or permanent injury" (*Beaton v Jones*, 50 AD3d 1500, 1501; *see French v Symborski*, 118 AD3d 1251, 1251, *lv denied* 24 NY3d 904; *Roll v Gavitt*, 77 AD3d 1412, 1412).  Plaintiff failed to raise an issue of fact with respect to either of those categories (*see Caldwell v Grant* [appeal No. 2], 31 AD3d 1154, 1156; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Although plaintiff submitted objective proof of injury in the form of evidence of muscle spasms and trigger point activity detected upon palpation of her cervical and thoracic spine (*see Toure*, 98 NY2d at 350; *Harrity v Leone*, 93 AD3d 1204, 1206; *Austin v Rent A Ctr. E., Inc.*, 90 AD3d 1542, 1544), she "failed to submit objective medical evidence establishing [her] limitations or restrictions of use resulting from those injuries" (*Carfi v Forget*, 101 AD3d 1616, 1618; *see Caldwell*, 31 AD3d at 1156).

With respect to the 90/180-day category of serious injury, we conclude that defendant met his burden by submitting plaintiff's deposition testimony, which established that she was not prevented "from performing substantially all of the material acts which constituted [her] usual daily activities" for at least 90 out of the 180 days following the accident (*Licari v Elliott*, 57 NY2d 230, 238), and plaintiff failed to raise a triable issue of fact (*see Yoonessi v Givens*, 39 AD3d 1164, 1166; *Hunter v Siegel, Kelleher & Kahn*, 38 AD3d 1199, 1201; *see generally Zuckerman*, 49 NY2d at 562).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court