# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**952**
**CA 16-00239**
PRESENT: WHALEN, P.J., CENTRA, CARNI, AND CURRAN, JJ.

---

BRANDY KOCH, INDIVIDUALLY AND AS PARENT AND
NATURAL GUARDIAN OF CASSIDY KOCH,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

LISA RICHARDSON, DEFENDANT,
HEATHER M. GRIFFITH AND WILLIAM M. GRIFFITH,
DEFENDANTS-APPELLANTS.

---

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (MARTHA E. DONOVAN OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

VANDETTE PENBERTHY LLP, BUFFALO (JAMES M. VANDETTE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered October 27, 2015. The order denied the motion of defendants Heather M. Griffith and William M. Griffith for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint insofar as asserted on behalf of Cassidy Koch against defendants Heather M. Griffith and William M. Griffith is dismissed.

Memorandum: Plaintiff, individually and on behalf of her daughter, commenced this action seeking damages for injuries she and her daughter allegedly sustained when the motor vehicle in which they were traveling was struck by a vehicle owned and operated by Heather M. Griffith and William M. Griffith (defendants). Defendants contend that Supreme Court erred in denying their motion for summary judgment dismissing the complaint on behalf of plaintiff's daughter against them on the ground that plaintiff's daughter did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We agree.

Defendants met their initial burden of establishing as a matter of law that plaintiff's daughter did not sustain a serious injury under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories by submitting her medical records and the report of a physician who reviewed them, which indicated that her symptoms of neck and back pain had resolved (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff

failed to raise a triable issue of fact inasmuch as she did not submit any evidence in opposition to defendants' motion with respect to those issues (*see generally id.*).

Defendants also met their initial burden on the motion with respect to the significant disfigurement category by submitting photographs of the daughter's cheek wherein the alleged scars were imperceptible (*see Heller v Jansma*, 103 AD3d 1160, 1161). In opposition to the motion, plaintiff did not raise an issue of fact inasmuch as she did not present evidence that " 'a reasonable person viewing [her daughter's cheek] in its altered state would regard the condition as unattractive, objectionable or as the subject of pity or scorn' " (*Smyth v McDonald*, 101 AD3d 1789, 1791; *see Heller*, 103 AD3d at 1161; *Doty v McInerny*, 77 AD3d 1264, 1265, *lv denied* 16 NY3d 703). Furthermore, plaintiff's assertion that the scars make her daughter "feel uncomfortable" does not raise a triable issue of fact whether the injury constitutes a significant disfigurement under the statute (*see Heller*, 103 AD3d at 1161).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court