■ DIONISIO GARCIA, Appellant, v COUNTY OF SUFFOLK et al., Respondents, et al., Defendant. [51 NYS3d 192]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated March 6, 2015, as granted that branch of the motion of the defendants County of Suffolk and Suffolk County Transit Bus which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants County of Suffolk and Suffolk County Transit Bus which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident is denied.

The defendants County of Suffolk and Suffolk County Transit Bus (hereinafter together the moving defendants) failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The photographs submitted by the moving defendants, depicting scars on the plaintiff's head and left shoulder, failed to establish, prima facie, that these scars did not constitute "significant disfigurement[s]" as defined by Insurance Law § 5102 (d) (*see Borquist v Hyde Park Cent. Sch. Dist.*, 107 AD3d 926 [2013]; *Langensiepen v Kruml*, 92 AD3d 1302, 1302-1303 [2012]; *O'Brien v Bainbridge*, 89 AD3d 1511, 1513 [2011]; *Tugman v PJC Sanitation Serv., Inc.*, 23 AD3d 457 [2005]). Since the moving defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Accordingly, the Supreme Court should have denied that

branch of the moving defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.