Robinson v Peluso (2023 NY Slip Op 01205)

Robinson v Peluso

2023 NY Slip Op 01205

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2020-06061
 (Index No. 608762/17)

[*1]Mark Robinson, appellant, 
v
Pat Peluso, et al., respondents.

The Rizzutto Law Firm, Uniondale, NY (Kristen N. Reed of counsel), for appellant.
Jacobson & Schwartz, LLP, Jericho, NY (Brian Marcus of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated July 16, 2020. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated July 16, 2020, the Supreme Court, inter alia, granted the motion. The plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants' submissions failed to eliminate triable issues of fact as to whether the plaintiff sustained a serious injury to his left elbow under the significant disfigurement category of Insurance Law § 5102(d) as a result of the accident (see Ali v Williams, 187 AD3d 1107; Buchanan v Keller, 169 AD3d 989, 991; Garcia v County of Suffolk, 149 AD3d 812, 812). Further, the defendants failed to establish, prima facie, that the alleged injury to the plaintiff's left elbow was not caused by the accident (see Navarro v Afifi, 138 AD3d 803, 804).
Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d 969, 969).
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court