■ ELAINE K. MCCONNELL et al., Respondents, v CHRISTINA M. FREEMAN et al., Appellants. [859 NYS2d 831]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered January 31, 2007 in a personal

injury action. The order, insofar as appealed from, denied defendants' motion for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Elaine K. McConnell (plaintiff) commenced this action seeking damages for injuries she allegedly sustained when she was struck by a vehicle driven by defendant Christina M. Freeman while she was crossing a street in Watertown in August 1999. Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102. Defendants met their initial burden on the motion by submitting, inter alia, the affirmation of a physician who examined plaintiff in April 2006 on behalf of defendants and concluded that none of plaintiff's alleged injuries was related to the motor vehicle accident. That examining physician concluded that plaintiff had a preexisting back condition and that the decrease in the range of motion in her lumbar spine was unrelated to the accident.

We conclude that plaintiffs failed to raise a triable issue of fact to defeat the motion. They submitted, inter alia, the affirmation of a physician who treated plaintiff for her back condition for the first time in February 2003 and, although the treating physician provided objective medical evidence that plaintiff was injured in the accident, plaintiffs failed to provide a reasonable explanation for the gap in plaintiff's treatment (see Pommells v Perez, 4 NY3d 566, 572 [2005]; McCarthy v Bellamy, 39 AD3d 1166, 1166-1167 [2007]). The explanation of plaintiff for the gap in treatment, i.e., that she ended treatment because of her understanding that her no-fault carrier would no longer pay for her medical expenses, is belied by the record. Indeed, plaintiffs' supplemental bill of particulars indicates that plaintiff's medical bills have been paid by the no-fault carrier.

We note in addition that the treating physician's affirmation does not adequately address the contradictory opinion of defendants' expert that plaintiff's injuries were preexisting and unrelated to the accident. Instead, the affirmation of plaintiff's treating physician fails to address the medical reports that form the basis of the opinion of defendants' expert, and the only objective test conducted by plaintiff's treating physician indicated that plaintiff could extend and/or flex her back only five degrees and that she had increased back and leg pain when she straightened her leg. The opinion of plaintiff's treating physician with respect to the percentage of loss of plaintiff's

cervical and lumbar spine is speculative and conclusory, and plaintiff's treating physician also failed to provide a qualitative assessment of plaintiff's injuries (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]). Present— Martoche, J.P., Centra, Lunn, Peradotto and Green, JJ.