■ ESMERALDA GARZA, Respondent, v MICHAEL A. TARAVELLA, Appellant, et al., Defendant. [905 NYS2d 392]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered September 29, 2009 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant Michael A. Taravella for summary judgment and granted in part the cross motion of plaintiff for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when her vehicle collided with a vehicle operated by Michael A. Taravella (defendant) and owned by defendant Carolyn A. Wozniak. Defendant moved for summary judgment dismissing the complaint against him on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and plaintiff cross-moved for partial summary judgment on liability. Contrary to the contention of defendant, we conclude that Supreme Court properly denied those parts of his motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. Although we agree with defendant that he met his initial burden on those parts of the motion by submitting the report of the physician who examined plaintiff at his request establishing that plaintiff's injuries had resolved, we conclude that plaintiff raised a triable issue of fact in opposition. Plaintiff submitted the affidavit of her treating chiropractor and the affirmations of her treating physicians indicating that she sustained neck and back injuries as a result of the accident and that those injuries required surgery, would continue to limit her cervical ranges of motion and rendered her permanently disabled. Defendant's contention that those submissions failed to establish that plaintiff's injury was not the result of a preexisting condition is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]).

We reject defendant's further contention that plaintiff failed to explain a six-month gap in treatment. "[P]laintiff adequately explained the significant gap in her treatment history by stating in her affidavit that she stopped treatment [for] about [six] months after the subject accident because . . . she could not afford to personally pay for further treatment" (*Jules v Barbecho*, 55 AD3d 548, 549 [2008]; *see Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644 [2007]; *Black v Robinson*, 305 AD2d 438, 439-440 [2003]; *see generally Pommells v Perez*, 4 NY3d 566, 574 [2005]). Contrary to defendant's contention, there is no evi-

dence in the record establishing that plaintiff knew that her medical bills would be paid by no-fault insurance during that six-month period (*cf. McConnell v Freeman*, 52 AD3d 1190, 1191 [2008]).

We conclude that the court properly granted that part of plaintiff's cross motion for partial summary judgment on the issue of defendant's negligence. The evidence submitted by plaintiff in support of her cross motion, including defendant's deposition testimony, established that defendant struck the side of her vehicle after entering the roadway from a driveway and that his view of oncoming traffic was obstructed. "The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed" (Vehicle and Traffic Law § 1143). "Defendant testified at [his] deposition that [he] saw plaintiff for the first time when [he] had already begun to pull out into the roadway and that [he] drove into the roadway despite the fact that [his] vision of the roadway was obscured by a legally parked vehicle. Plaintiff thus established that defendant was negligent as a matter of law in failing to see that which [he] should have seen" (*Whitcombe v Phillips*, 61 AD3d 1431 [2009]; *see Mazza v Manzella*, 49 AD3d 609 [2008]; *Ferrara v Castro*, 283 AD2d 392 [2001]), and defendant failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Martoche, J.P., Smith, Centra, Sconiers and Pine, JJ.