■ Nina A. Accurso et al., Respondents, v Nicole M. Kloc et al., Appellants. [910 NYS2d 333]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered December 3, 2009 in a personal injury action. The order denied the motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Nina A. Accurso (plaintiff) when the vehicle she was operating was rear-ended by a vehicle owned by defendant Shirley J. Kloc and operated by defendant Nicole M. Kloc. The complaint, as amplified by plaintiffs' bill of particulars, alleges that plaintiff sustained a serious injury as a result of the motor vehicle accident under two categories of Insurance Law § 5102 (d), i.e., a permanent consequential limitation of use of a body organ or member and a significant limitation of use of a body function or system. We agree with defendants that Supreme Court erred in denying their motion for summary judgment dismissing the complaint inasmuch as defendants established as a matter of law that plaintiff did not sustain a serious injury and plaintiffs failed to raise an issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 561 [1980]).

In support of their motion, defendants submitted the affirmation of the physician who conducted the independent medical examination of plaintiff (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The physician stated therein that, as a result of the motor vehicle accident, plaintiff sustained a mild lumbosacral strain with no neurologic involvement. He further stated that there was no objective evidence that any injury sustained by plaintiff in the motor vehicle accident "kept her from doing the majority of her routine activities," nor was there any "objective evidence [that plaintiff] sustained any injury which would have caused any permanency."

In opposition to defendants' motion, plaintiffs submitted the affirmation of plaintiff's treating physician, who is board certified by the American Board of Physical Medicine and Rehabilitation. It is axiomatic that "[w]hether a limitation of use or function is 'significant' or 'consequential' . . . relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Dufel v Green*, 84 NY2d 795, 798 [1995]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352-353 [2002]). Here, plaintiffs' expert determined that plaintiff had persistent back pain with numbness in her

left lower extremity that was causally related to the motor vehicle accident, and he supported that determination with objective findings from the fluoroscopically-guided injection of plaintiff's left sacroiliac joint (see Toure, 98 NY2d at 350; cf. Weaver v Town of Penfield, 68 AD3d 1782, 1785 [2009]). Nevertheless, we conclude that plaintiffs failed to raise an issue of fact to defeat defendants' motion inasmuch as the affirmation of their expert failed to set forth plaintiff's limitations or restrictions of use as a result of the injuries (cf. Toure, 98 NY2d at 352-353). Although plaintiff testified at her deposition that she was no longer able to engage in many activities, including bicycling, housework, gardening and power-walking, plaintiffs' expert did not address or quantify any limitations in the activities of plaintiff resulting from her injuries (cf. id.). Indeed, plaintiffs' expert noted that plaintiff had no significant loss of range of motion and was able to continue to work at her job. Although plaintiffs' expert concluded that plaintiff may have "periodic flare-ups of pain that will require intervention . . . once or twice a year for the foreseeable future," he likewise failed to provide the requisite qualitative assessment of the seriousness of plaintiff's injuries (see id. at 350-351). Present—Scudder, P.J., Martoche, Peradotto, Green and Gorski, JJ.