# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1231**
**CA 12-00816**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

JOSEPH J. CARFI, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DAVID C. FORGET AND DAWN M. FORGET,
DEFENDANTS-RESPONDENTS.

---

LYNCH SCHWAB, PLLC, SYRACUSE (ANDREW J. SCHWAB OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LAW OFFICES OF KAREN L. LAWRENCE, DEWITT (BARNEY F. BILELLO OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered August 1, 2011 in a personal injury action. The order granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle in which he was a passenger was struck by a vehicle owned by defendant Dawn M. Forget and operated by defendant David C. Forget. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We note at the outset that, although plaintiff alleged that he sustained several categories of serious injury in his bill of particulars, his appellate brief alleges only that he sustained a permanent consequential limitation of use of his cervical spine. Plaintiff therefore has abandoned his contentions with respect to the remaining categories of serious injury (*see Beaton v Jones*, 50 AD3d 1500, 1501).

Defendants met their initial burden on the motion of establishing that plaintiff did not sustain a serious injury under the permanent consequential limitation of use category, and plaintiff failed to raise a triable issue of fact to defeat the motion (*see Lux v Jakson*, 52 AD3d 1253, 1254; *McConnell v Freeman*, 52 AD3d 1190, 1191, *lv denied* 55 AD3d 1420). In support of their motion, defendants submitted the affirmed report of the orthopedic surgeon who examined plaintiff on defendants' behalf. After examining plaintiff and reviewing his medical records, the orthopedic surgeon concluded within a reasonable degree of medical

certainty that there was no objective evidence that plaintiff sustained a "causally related injury of any significance."  He concluded instead that plaintiff likely sustained a cervical strain as a result of the accident.  Although plaintiff was diagnosed with a herniated disc three years after the accident, the orthopedic surgeon concluded that such injury was unrelated to the accident and was consistent with degenerative disc disease.  Moreover, the orthopedic surgeon concluded that plaintiff was not impaired or disabled by that condition.  He noted that plaintiff exhibited no palpable spasm, motor deficits, or objective sensory deficits and that plaintiff's cervical spine flexion, extension, lateral deviation, and right-sided rotation were all within normal limits.  Only plaintiff's left-sided rotation was "mildly decreased," i.e., 55 degrees compared with normal rotation of 60 to 90 degrees.  Defendants also submitted excerpts from plaintiff's deposition, in which plaintiff testified that he missed only one day of work after the accident and that he did not see his primary care physician or any other doctors for pain or stiffness in his neck for approximately two and a half years after the accident.

In opposition to defendants' motion, plaintiff submitted, inter alia, the affirmation of his treating neurosurgeon, who reviewed plaintiff's pre- and post-accident imaging studies and concluded that plaintiff sustained two herniated discs as a result of the accident.  Plaintiff also submitted MRI and X ray reports reflecting the existence of two herniated discs in his cervical spine.  Even assuming, arguendo, that plaintiff raised a triable issue of fact as to the causation of the herniated discs, we conclude that the court properly granted defendants' motion because plaintiff failed to submit objective medical evidence establishing plaintiff's limitations or restrictions of use resulting from those injuries (*see Accurso v Kloc*, 77 AD3d 1295, 1297).  It is well settled that "[p]roof of a herniated disc, without additional objective medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (*Pommells v Perez*, 4 NY3d 566, 574; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 n 4; *Caldwell v Grant* [appeal No. 2], 31 AD3d 1154, 1155-1156).  "Whether a limitation of use or function is . . . 'consequential' (i.e., important . . . ) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Dufel v Green*, 84 NY2d 795, 798; *see Accurso*, 77 AD3d at 1296).

Here, plaintiff also submitted the letter affirmation from a nontreating orthopedic surgeon in opposition to defendants' motion, which states that upon physical examination plaintiff exhibited normal flexion, "mild" restrictions in left rotation, "moderate" restrictions in extension, left lateral bending and right-rotation, and "marked" restrictions in right lateral bending.  That orthopedic surgeon did not, however, quantify plaintiff's range of motion restrictions or provide a qualitative assessment "compar[ing] the plaintiff's limitations to the normal function, purpose and use of [the cervical spine]" (*Toure*, 98 NY2d at 350; *see Dann v Yeh*, 55 AD3d 1439, 1440; *Caldwell*, 31 AD3d at 1156).  Although the affirmation of plaintiff's treating neurosurgeon referenced range of motion losses "documented by [him]self and various

physicians," he likewise failed to provide a quantitative or qualitative assessment thereof (*see Toure*, 98 NY2d at 350; *Caldwell*, 31 AD3d at 1156). Moreover, although both surgeons opined that plaintiff sustained a "permanent consequential loss" of function or use of his cervical spine as a result of the accident, those conclusory assertions are insufficient to raise a triable issue of fact (*see Anderson v Capital Dist. Transp. Auth*., 74 AD3d 1616, 1617, *lv denied* 15 NY3d 709; *Barry v Future Cab Corp.*, 71 AD3d 710, 711; *Burridge v Gaines*, 294 AD2d 892, 893).

Finally, we conclude that plaintiff's submission of an affidavit in which he described his physical limitations—i.e., that he cannot turn his head "normally," operate a lawnmower, or "shovel[ ] [his] driveway"; that he has to be "careful" with his activities to prevent the onset of pain; and that prolonged standing triggers headaches and increased neck pain—is insufficient to establish a permanent consequential limitation of use inasmuch as plaintiff's experts "did not address or quantify any limitations in the activities of plaintiff resulting from [his] injuries" (*Accurso*, 77 AD3d at 1297).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court