# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**199**

**CA 13-01511**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

DANIELLE DOWNIE, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHAWN T. MCDONOUGH, DEFENDANT-APPELLANT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM K. MATTAR, P.C., WILLIAMSVILLE (ASHLEY FASSO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered February 6, 2013. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was driving collided with a vehicle operated by defendant. In her bill of particulars, plaintiff alleged that, as a result of the accident, she sustained a serious injury under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories set forth in Insurance Law § 5102 (d). Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of those categories, and Supreme Court granted the motion only with respect to the 90/180-day category. We agree with defendant that the court should have granted the motion in its entirety.

Defendant met his initial burden of establishing that plaintiff did not sustain a serious injury under the permanent consequential limitation of use and significant limitation of use categories, and plaintiff failed to raise a triable issue of fact (*see Heller v Jansma*, 103 AD3d 1160, 1161; *Carfi v Forget*, 101 AD3d 1616, 1617). In support of his motion, defendant submitted the affirmed report of an orthopedic surgeon who examined plaintiff less than three months after the accident, reviewed her medical records, and concluded that there was no objective evidence to substantiate plaintiff's subjective complaints of pain or to warrant further orthopedic treatment. He

concluded instead that plaintiff sustained only a cervical spine sprain or strain as a result of the accident, which had resolved by the time of the examination (*see Herbst v Marshall* [appeal No. 2], 49 AD3d 1194, 1195).  The orthopedic surgeon noted that plaintiff exhibited no palpable spasm, motor deficits, or objective sensory deficits, and had full range of motion in her cervical spine. Defendant also submitted copies of plaintiff's medical records, including an X ray report from the date of the accident.  The X rays revealed no fractures, disc herniations, subluxations, soft tissue swelling, or any other abnormalities in her cervical, thoracic, or lumbosacral spine.  In addition, defendant submitted excerpts from plaintiff's deposition, in which plaintiff testified that she returned to her physically demanding job as a full-time house cleaner less than two months after the accident, and that she performed the same duties both before and after the accident.  Plaintiff further testified that there are no activities in which she is unable to participate because of the accident, although she is somewhat limited in "[r]ock climbing [and] some physical sports."

In opposition to the motion, plaintiff submitted, inter alia, the certified records of her treating chiropractor, which included an MRI report reflecting the existence of bulging discs in plaintiff's cervical spine.  Even assuming, arguendo, that the report is in admissible form, we conclude that it is insufficient to raise an issue of fact as to serious injury.  It is well settled that "[p]roof of a herniated [or bulging] disc, without additional objective medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (*Pommells v Perez*, 4 NY3d 566, 574; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 n 4; *Carfi*, 101 AD3d at 1618).  "Whether a limitation of use or function is 'significant' or 'consequential' (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Dufel v Green*, 84 NY2d 795, 798; *see Accurso v Kloc*, 77 AD3d 1295, 1296).

Here, plaintiff relies on mild to moderate range of motion limitations in her cervical spine exhibited the day after the accident.  "[W]hile a significant limitation of use of a body function or member need not be permanent in order to constitute a serious injury, . . . any assessment of the significance of a bodily limitation necessarily requires consideration not only of the extent or degree of the limitation, but of its duration as well" (*Lively v Fernandez*, 85 AD3d 981, 982 [internal quotation marks omitted]; *see Griffiths v Munoz*, 98 AD3d 997, 998).  The records of plaintiff's own chiropractor reflect that, less than four months after the accident, plaintiff exhibited normal flexion, extension, and right lateral bending, with restrictions of approximately 10% to 11% in left lateral bending and bilateral rotation.  Those limitations are "minor, mild or slight" and thus are properly characterized as "insignificant" or inconsequential within the meaning of the statute (*Licari v Elliott*, 57 NY2d 230, 236; *see e.g. Il Chung Lim v Chrabaszcz*, 95 AD3d 950, 951; *Canelo v Genolg Tr., Inc.*, 82 AD3d 584, 585; *Sarkis v Gandy*, 15

AD3d 942, 943).

Finally, we agree with defendant that the court erred in concluding that plaintiff raised an issue of fact based upon her complaints of headaches.  Although plaintiff submitted excerpts from her deposition in which she testified that "basically every day I would have some type of headache," it is well settled that "subjective complaints of pain or headaches are insufficient to establish 'serious injury' " (*Kivlan v Acevedo*, 17 AD3d 321, 322; *see Licari*, 57 NY2d at 238-239; *Smith v Reeves*, 96 AD3d 1550, 1552).  Here, the record contains no objective basis for plaintiff's headache complaints (*see Smith*, 96 AD3d at 1551; *Grayer v Jerez*, 192 AD2d 637, 637; *Solarzano v Power Test Petro*, 181 AD2d 631, 631, *lv denied* 80 NY2d 759).  Moreover, plaintiff "offered no proof that [her] headaches in any way incapacitated [her] or interfered with [her] ability to work or engage in activities at home" (*Licari*, 57 NY2d at 239; *see Wiegand v Schunk*, 294 AD2d 839, 840).

All concur except WHALEN, J., who dissents and votes to affirm in the following Memorandum:  I respectfully disagree with the majority's conclusion that plaintiff's complaints of headaches were insufficient to create an issue of fact regarding whether she sustained a serious injury.  I therefore dissent, and would affirm the order.

Initially, I note that it is of course well established that "subjective complaints of occasional, transitory headaches" are insufficient to qualify as a serious injury (*Licari v Elliott*, 57 NY2d 230, 238).  In *Licari*, the Court of Appeals noted that the injured plaintiff offered no proof that his headaches in any way incapacitated him or interfered with his ability to work or engage in activities at home.  There, the plaintiff testified that his headaches occurred only once every two or three weeks and were relieved by aspirin.  The Court concluded that "the subjective quality of an ordinary headache" does not fall within the definition of serious injury (*id*. at 239).  However, our case is different and the rule from *Licari* should not act as a bar to a potential recovery for plaintiff herein.

In the case now before us, plaintiff testified that every day since the accident she has headaches.  She also testified that they are not getting any better.  Plaintiff did not testify to having occasional or transitory headaches that are of the type described in *Licari*.  Importantly, the orthopedic surgeon who examined plaintiff on defendant's behalf noted in his report that plaintiff complained of headaches and that this complaint "is out of the scope of my specialty as an orthopedist" and that he would "defer comment on treatment for the head to the neurologist."  He also causally related plaintiff's injuries to the accident.  Additionally, he opined that a neurological exam was necessary to assess the headaches, and yet defendant did not have plaintiff examined by a neurologist.  The orthopedic surgeon had access to plaintiff's medical records and could have opined that plaintiff was suffering from the type of minor, transitory headaches contemplated by *Licari* that would not qualify as a serious injury.  However, he did not offer such an opinion.  In fact, he did just the opposite.  He thought, after reviewing the medical records, that

plaintiff should see a neurologist for the types of headaches she was experiencing.  Thus, because the only proof in the record is that plaintiff was having headaches every single day since the accident that were not improving, and because defendant did not have plaintiff examined by a neurologist, defendant failed to meet his initial burden on his motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325).  I note that there is evidence in the record that plaintiff could not go to see a neurologist on her own because she did not have any insurance, which is a reasonable excuse for not seeking treatment (*see Alexander v Guevara*, 2008 NY Slip Op 33473[U], *5 [Sup Ct, Nassau County], citing *Frankcovig v Senekis Cab Corp.*, 41 AD3d 643).

Additionally, I respectfully disagree with the majority that plaintiff offered no proof that the headaches incapacitated her or interfered with her ability to work or engage in activities at home.  Again, I note that it was defendant's initial burden on the summary judgment motion to establish that plaintiff did not sustain a serious injury.  The physician who examined plaintiff on defendant's behalf stated in his report that plaintiff was working at the same job "with limitations," and there is a notation in the medical records that plaintiff quit her job as a house cleaner due to pain.  Thus, viewing the facts in the light most favorable to plaintiff, the nonmoving party (*see generally Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 340), I conclude that there is evidence that plaintiff's headaches interfered with her activities and that summary judgment for defendant is improper with respect to the two remaining categories of serious injury.

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court