SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

504
CA 14-01456
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

SUSAN E. ROSE, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

KIM A. LEBERTH, DEFENDANT-RESPONDENT.

---

BRENNA, BRENNA & BOYCE, PLLC, ROCHESTER (ROBERT L. BRENNA, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT.

OSBORN, REED & BURKE, LLP, ROCHESTER (MICHAEL A. REDDY OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered May 5, 2014. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the motor vehicle she was operating collided with a vehicle operated by defendant on Mt. Hope Avenue in the City of Rochester. At the time of the accident, plaintiff was attempting to make a left-hand turn out of a parking lot onto Mt. Hope Avenue. She was waiting for a UPS truck to make a left-hand turn from the roadway into the parking lot and, as the UPS truck turned into the parking lot, plaintiff exited the parking lot onto Mt. Hope Avenue and collided with defendant's vehicle, which, unseen by plaintiff, was coming from plaintiff's left.

We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. "It is well settled that a driver 'who has the right[-]of[-]way is entitled to anticipate that [the drivers of] other vehicles will obey the traffic laws that require them to yield' " (*Lescenski v Williams*, 90 AD3d 1705, 1705, *lv denied* 18 NY3d 811). Because plaintiff was entering the roadway from a parking lot, she was required to yield the right-of-way to defendant's vehicle regardless of whether it was in the curb lane, as defendant testified at her deposition, or in the center turn lane, as plaintiff asserts (*see* Vehicle and Traffic Law § 1143; *Van Doren v Dressler*, 45 AD3d 1366, 1366-1367). Moreover, in support of her motion, defendant established that she was traveling at or below the posted speed limit and did not otherwise negligently operate her vehicle. Defendant thus met her initial burden on the motion "by

establishing as a matter of law 'that the sole proximate cause of the accident was [plaintiff's] failure to yield' " the right-of-way to her (*Guadagno v Norward*, 43 AD3d 1432, 1433), and in response plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Plaintiff's contention that defendant violated Vehicle and Traffic Law § 1126 is raised for the first time on appeal and therefore is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court