# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

656

CA 15-00015

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

SHELLY F. MOORE, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

NANCY A. CURTISS, DEFENDANT-APPELLANT,
AND HENRY COX, DEFENDANT-RESPONDENT.

---

ADAMS, HANSON, REGO, KAPLAN & FISHBEIN, WILLIAMSVILLE (BETHANY A. RUBIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

MURA & STORM, PLLC, BUFFALO (RYAN MURA OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Mark A. Montour, J.), entered August 12, 2014.  The order denied the motion of defendant Nancy A. Curtiss for summary judgment dismissing the complaint and all cross claims against her.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for injuries she sustained in a motor vehicle accident.  Plaintiff was a passenger in a taxicab operated by defendant Henry Cox, and the collision occurred when Cox made a right-hand turn into a driveway in the path of a vehicle operated by defendant Nancy A. Curtiss.  Her vehicle skidded on the snowy roadway when she applied her brakes in an effort to avoid Cox's vehicle.  Supreme Court properly denied the motion of Curtiss seeking summary judgment dismissing the complaint against her.  We agree with Curtiss that, as the driver with the right-of-way, she was entitled to anticipate that Cox would obey the traffic laws that required him to yield to her oncoming vehicle (*see Rose v Lebreth*, ___ AD3d ___, ___ [May 8, 2015]; *Lescenski v Williams*, 90 AD3d 1705, 1705, *lv denied* 18 NY3d 811).  Nevertheless, viewing the submissions of the parties in the light most favorable to plaintiff and Cox, as we must (*see Victor Temporary Servs. v Slattery*, 105 AD2d 1115, 1117), we conclude that the submissions of Curtiss in support of her motion raise an issue of fact whether she failed to see Cox's turn signal and thus failed to " 'exercise reasonable care under the circumstances to avoid an accident' " (*Cupp v McGaffick*, 104 AD3d 1283, 1284).  We further conclude that the submissions of Curtiss

raise an issue of fact whether the speed at which she was traveling, although reduced because of the weather conditions, was reasonable and prudent under the circumstances (*see Campo v Neary*, 52 AD3d 1194, 1196; *Pietrantoni v Pietrantoni*, 4 AD3d 742, 742, *lv dismissed* 2 NY3d 823).