Koneski v Seppala (2018 NY Slip Op 00765)





Koneski v Seppala


2018 NY Slip Op 00765


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1511 CA 17-00708

[*1]STEVEN R. KONESKI, PLAINTIFF-APPELLANT,
v
ALEC R. SEPPALA AND ERIC K. SEPPALA, DEFENDANTS-RESPONDENTS. 






BOUVIER LAW LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (HENRY A. ZOMERFELD OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Genesee County (Mark J. Grisanti, A.J.), entered December 21, 2016. The order granted in part defendants' motion for summary judgment dismissing the complaint with respect to certain categories of serious injury. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the vehicle he was driving was rear-ended by a vehicle operated by defendant Alec R. Seppala and owned by defendant Eric K. Seppala. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. Supreme Court granted those parts of defendants' motion with respect to the permanent loss of use, permanent consequential limitation of use, and significant limitation of use categories of serious injury, and denied the motion with respect to the 90/180-day category. We affirm.
We note at the outset that plaintiff limits his appeal to the permanent consequential limitation of use and significant limitation of use categories of serious injury, and therefore he has abandoned his claim with respect to the permanent loss of use category alleged in his amended bill of particulars (see Boroszko v Zylinski, 140 AD3d 1742, 1743 [4th Dept 2016]; Fanti v McLaren, 110 AD3d 1493, 1494 [4th Dept 2013]).
We conclude that defendants' own submissions in support of their motion raised a triable issue of fact with respect to causation (see Crane v Glover, 151 AD3d 1841, 1842 [4th Dept 2017]). Defendants' expert physician, who conducted a medical examination of plaintiff, concluded in two affirmed medical reports that the onset of pain in plaintiff's right hip approximately five days after the accident was consistent with a prior degenerative condition that became symptomatic spontaneously and was not consistent with an acute, traumatic labral tear in the right hip sustained in the accident. Defendants, however, also submitted medical records from plaintiff's treating orthopedic surgeon, who opined that it was "more likely than not [that] a spontaneous symptomatic hip injury did not occur" and that the labral tear in the right hip observed in a postaccident MRI resulted from the accident (see id.).
We agree with defendants, however, that they met their initial burden on the motion insofar as they established that plaintiff did not sustain a serious injury with respect to the categories of permanent consequential limitation of use and significant limitation of use, and that plaintiff failed to raise a triable issue of fact (see Downie v McDonough, 117 AD3d 1401, 1402-1403 [4th Dept 2014], lv denied 24 NY3d 906 [2014]). With respect to those two categories, the [*2]Court of Appeals has held that "[w]hether a limitation of use or function is significant or consequential (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002] [internal quotation marks omitted]). In support of their motion, defendants submitted, inter alia, the medical reports and affirmation of their expert physician who, after reviewing plaintiff's medical records and MRI and conducting an examination of plaintiff, opined that there was no objective medical evidence of a serious injury (see Carfi v Forget, 101 AD3d 1616, 1617 [4th Dept 2012]; Austin v Rent A Ctr. E., Inc., 90 AD3d 1542, 1543 [4th Dept 2011]). Among other things, defendants' expert physician noted that the range of motion testing conducted by the orthopedic surgeon just over a month after the accident showed that plaintiff exhibited normal abduction and only mild or slight reductions of 10 degrees in flexion and adduction (see Downie, 117 AD3d at 1403; Carfi, 101 AD3d at 1617-1618). The medical examination of plaintiff conducted by defendants' expert physician 2½ years later likewise revealed only mild diminishment in certain types of movement (see Thomas v NYLL Mgt. Ltd., 110 AD3d 613, 614 [1st Dept 2013]). Defendants thus established that the limitations from plaintiff's right hip injury were "minor, mild or slight," which the court properly classified as "insignificant" or inconsequential within the meaning of the statute (Licari v Elliott, 57 NY2d 230, 236 [1982]; see Downie, 117 AD3d at 1403).
Contrary to plaintiff's contention, his submissions in opposition to the motion are insufficient to raise a triable issue of fact. The mere existence of a labral tear "is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration" (Silla v Mohammad, 52 AD3d 681, 683 [2d Dept 2008]; see generally Pommells v Perez, 4 NY3d 566, 574 [2005]). Here, the affirmation of plaintiff's orthopedic surgeon reflects that, just over a month after the accident, plaintiff exhibited normal abduction, adduction, and external rotation, and slightly diminished flexion and internal rotation within 10 degrees of the normal range of movement. The orthopedic surgeon's postsurgical evaluation of plaintiff eight months after the accident showed that plaintiff exhibited full flexion without pain, as well as external and internal rotation within the normal range of movement. Such limitations are insufficient to meet the serious injury threshold with respect to the two categories at issue on appeal (see Downie, 117 AD3d at 1403).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court