Darnley v Randazzo (2018 NY Slip Op 02090)





Darnley v Randazzo


2018 NY Slip Op 02090


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


375 CA 17-01662

[*1]ANGELA L. DARNLEY AND RONALD R. DARNLEY, II, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
DIANE L. RANDAZZO, DEFENDANT-APPELLANT-RESPONDENT, ET AL., DEFENDANTS. 






LAW OFFICE OF JOHN WALLACE, BUFFALO (ALYSON C. CULLITON OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ANDREW J. CONNELLY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 21, 2017. The order denied the motion of defendant Diane L. Randazzo for summary judgment dismissing the complaint against her and denied the cross motion of plaintiffs for partial summary judgment on the issue of negligence. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Angela L. Darnley (plaintiff) in two automobile accidents, only one of which is at issue on this appeal. The accident at issue occurred on May 4, 2013 on Niagara Falls Boulevard, which has two northbound lanes, two southbound lanes, and a center turning lane, which is where the accident occurred. Diane L. Randazzo (defendant) was traveling northbound and entered the center turning lane so that she could make a left turn into a plaza. Plaintiff was exiting a business parking lot and intended to turn left, heading southbound. Traffic was heavy, and the drivers of two vehicles that were in the northbound lanes stopped and waved plaintiff forward. When plaintiff proceeded forward, her vehicle struck defendant's vehicle. Defendant moved for summary judgment dismissing the complaint against her, and plaintiffs cross-moved for partial summary judgment on the issue of negligence. Supreme Court denied both the motion and cross motion, and defendant now appeals and plaintiffs cross-appeal.
We conclude that the court properly denied the motion. Defendant met her initial burden by establishing that plaintiff was negligent in failing to yield the right-of-way, and that there was nothing defendant could have done to avoid the accident. "Because plaintiff was entering the roadway from a parking lot, she was required to yield the right-of-way to defendant's vehicle regardless of whether it was in the curb lane . . . or in the center turn lane" (Rose v Leberth, 128 AD3d 1492, 1493 [4th Dept 2015]; see Vehicle and Traffic Law
§ 1143). Defendant also met her initial burden of establishing that she was not negligent in the operation of her vehicle. She testified at her deposition that she had traveled about only 20 feet in the turning lane before colliding with plaintiff's vehicle and that she was only a car length away from where she was intending to make a left turn. She testified that she was driving slowly and never saw plaintiff's vehicle prior to the impact. Defendant "thus met her initial burden on the motion by establishing as a matter of law that the sole proximate cause of the accident was [plaintiff's] failure to yield the right-of-way to her" (Rose, 128 AD3d at 1493 [internal quotation marks omitted]; see Limardi v McLeod, 100 AD3d 1375, 1375 [4th Dept 2012]).
In opposition to the motion, however, plaintiffs raised a triable issue of fact whether defendant was negligent in the operation of her vehicle (see generally Zuckerman v City of New [*2]York, 49 NY2d 557, 562 [1980]). In particular, plaintiffs raised an issue of fact whether defendant violated Vehicle and Traffic Law § 1126 (c), which provides that drivers may travel in a center turning lane "for such distance as is required for safety in preparing to turn left." Plaintiffs contended that defendant was using the center turning lane to bypass the stopped traffic, and they submitted the affidavit of their expert, who examined the accident scene and determined that, at the time of the accident, defendant was 161 feet away from where she would make a left turn. The expert's determination of distance thus supported plaintiffs' contention and contradicted defendant's deposition testimony that she was only a car length away from where she intended to turn. Plaintiffs' submissions were therefore sufficient to raise an issue of fact whether defendant was negligent in traveling in the center turning lane for a distance greater than "is required for safety in preparing to turn left" (id.).
The court likewise properly denied plaintiffs' cross motion. Plaintiffs failed to meet their initial burden of establishing as a matter of law that plaintiff's actions were not a contributing cause of the accident. Plaintiffs submitted plaintiff's deposition testimony, which established that plaintiff failed to yield the right-of-way to defendant (see Vehicle and Traffic Law § 1143; see generally Sauter v Calabretta, 90 AD3d 1702, 1703 [4th Dept 2011]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court