Bass v Burrell (2020 NY Slip Op 01747)





Bass v Burrell


2020 NY Slip Op 01747


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


132 CA 19-01351

[*1]NICOLE P. BASS, PLAINTIFF-RESPONDENT,
v
LYNN R. BURRELL, B & R GREEN TRUCKING, LLC, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. 






FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
FANIZZI & BARR, P.C., NIAGARA FALLS (KEVIN F. WALSH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered May 1, 2019. The order, insofar as appealed from, denied the motion of defendants Lynn R. Burrell and B & R Green Trucking, LLC, for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for personal injuries she sustained following a collision between the vehicle she was operating and a tractor-trailer operated by defendant Lynn R. Burrell during the course of his employment with defendant B & R Green Trucking, LLC (collectively, defendants). The collision occurred when plaintiff attempted to exit an interstate highway, encountered icy conditions on the exit ramp, and then lost control of her vehicle, which veered back into the lanes of interstate traffic where it was struck by Burrell's tractor-trailer. Defendants moved for summary judgment dismissing the complaint against them, contending that Burrell was not negligent and that he acted reasonably in response to an emergency situation.
Contrary to defendants' contention, we conclude that Supreme Court properly denied their motion. Defendants' own submissions "raise an issue of fact whether the speed at which [Burrell] was traveling, although reduced because of the weather conditions, was reasonable and prudent under the circumstances" (Moore v Curtiss, 129 AD3d 1504, 1505 [4th Dept 2015]; see Vehicle and Traffic Law § 1180 [a]) and whether Burrell "contributed to the accident by following . . . plaintiff too closely" (Stuve v Baingan, 120 AD3d 1221, 1222 [2d Dept 2014]; see § 1129 [a]; see generally Frutchey v Felicita, 11 NY3d 764, 765 [2008]).
For the same reasons, we conclude that defendants failed to make a prima facie showing of entitlement to judgment as a matter of law based on the emergency doctrine (see White v Connors, 177 AD3d 1250, 1252 [4th Dept 2019]; Noriega v King, 15 AD3d 267, 267 [1st Dept 2005]; see generally Frutchey, 11 NY3d at 764-765). Because defendants failed to meet their initial burden, the burden never shifted to plaintiff to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In light of our determination, we do not address defendants' remaining contentions.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court