Kowalyk v Wal-Mart Stores, Inc. (2020 NY Slip Op 05346)





Kowalyk v Wal-Mart Stores, Inc.


2020 NY Slip Op 05346


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


439 CA 19-02079

[*1]ANDREW KOWALYK AND HOLLY KOWALYK, PLAINTIFFS-APPELLANTS,
v
WAL-MART STORES, INC., ET AL., DEFENDANTS, JOHN J. JONES, III, ADESA BUFFALO, ADESA NEW YORK, LLC, AND KAR AUCTION SERVICES, INC., DEFENDANTS-RESPONDENTS. 






CAMBELL & ASSOCIATES, EDEN (R. COLIN CAMPBELL OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
HURWITZ & FINE, P.C., BUFFALO (JODY E. BRIANDI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered May 6, 2019. The order, insofar as appealed from, denied plaintiffs' motion for partial summary judgment on the issue of negligence against defendants John J. Jones, III, Adesa Buffalo, Adesa New York, LLC and KAR Auction Services, Inc. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is granted in part with respect to the issue of negligence.
Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Andrew Kowalyk (plaintiff) when his vehicle collided with a vehicle operated by defendant-respondent John J. Jones, III (defendant) and owned by one or more of the other defendants-respondents. Plaintiff thereafter moved for, inter alia, partial summary judgment against all defendants-respondents (collectively, defendants) on the issue of negligence. Supreme Court denied the motion, and we now reverse the order insofar as appealed from.
"It is well settled that a driver who has the right-of-way is entitled to anticipate that the drivers of other vehicles will obey the traffic laws that require them to yield. Because [defendant] was entering the roadway from a parking lot, []he was required to yield the right-of-way to [plaintiff's] vehicle" (Rose v Leberth, 128 AD3d 1492, 1493 [4th Dept 2015] [internal quotation marks, brackets, and citation omitted]; see Vehicle and Traffic Law § 1143). Here, plaintiffs met their initial burden of proof with respect to defendant's negligence by submitting, inter alia, plaintiff's deposition testimony recounting the circumstances of the accident and the corroborating police report, which established as a matter of law that defendant violated Vehicle and Traffic Law § 1143, breached his duty to operate his vehicle with due care, and thereby caused the accident (see Garza v Taravella, 74 AD3d 1802, 1804 [4th Dept 2010]; Whitcombe v Phillips, 61 AD3d 1431, 1431 [4th Dept 2009]; see also Kerolle v Nicholson, 172 AD3d 1187, 1188 [2d Dept 2019]).
In opposition, defendants failed to raise a triable issue of fact (see Kerolle, 172 AD3d at 1188; Garza, 74 AD3d at 1804). Defendant's claimed inability to recall the circumstances of the accident "is not affirmative proof that the event did not happen[ and is] . . . thus insufficient to create an issue of fact" (Bavisotto v Doldan, 175 AD3d 891, 893 [4th Dept 2019]). Moreover, while defendant made inconsistent statements about his actions before pulling into the street from the parking lot, those statements offered no basis for a rational factfinder to excuse his violation of Vehicle and Traffic Law § 1143 or negate his responsibility for the accident (see generally Amerman v Reeves, 148 AD3d 1632, 1633 [4th Dept 2017]). The remaining factual [*2]disputes upon which defendants rely are not material to the issue of negligence (see generally Rose, 128 AD3d at 1493).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court