Stone v Hopkins (2025 NY Slip Op 04341)

Stone v Hopkins

2025 NY Slip Op 04341

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

454 CA 24-00734

[*1]WENDY M. STONE, PLAINTIFF-RESPONDENT,
v
BRANDON D. HOPKINS, DEFENDANT-APPELLANT. 

RUPP PFALZGRAF LLC, ROCHESTER (KEVIN J. FEDERATION OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (James A. Vazzana, J.), entered May 2, 2024 in a personal injury action involving a motor vehicle accident. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when the vehicle that she was operating was struck by a vehicle owned and operated by defendant. The collision occurred on a two-lane expressway when it was dark and snowing, with traffic moving slower than usual due to the weather and merging lanes of traffic. According to plaintiff, she was traveling in the right-hand lane when she observed defendant's car in her rearview mirror driving "like a bat out of [hell]" behind her, and defendant's vehicle thereafter struck her vehicle. Plaintiff's testimony established, however, that she had problems with her memory, and she described her account of the accident as "a clip that keeps coming back" to her. According to defendant, he was traveling five miles beneath the speed limit in the left lane when plaintiff's vehicle unexpectedly moved from the right lane into his lane while moving at a slower rate of speed than defendant's vehicle. Defendant applied his brakes but was unable to avoid striking plaintiff's vehicle.
Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, contending that he was not negligent and that he acted reasonably in response to an emergency situation. Supreme Court denied that motion, and we affirm. We conclude that, contrary to defendant's contention, the court properly denied the motion. Even assuming, arguendo, that defendant's account of the accident controls, given plaintiff's limited ability to recall the accident, we conclude that there are still triable issues of fact that warrant denial of defendant's summary judgment motion.
Although defendant, as " 'a driver of a vehicle with the right-of-way[, was] entitled to anticipate that the driver in the lane next to him . . . [would] obey the traffic laws requiring them to yield to [defendant as the] driver with the right-of-way' " (Salama v Piccirillo, 223 AD3d 692, 693 [2d Dept 2024]; see Moore v Curtiss, 129 AD3d 1504, 1505 [4th Dept 2015]; Redd v Juarbe, 124 AD3d 1274, 1275 [4th Dept 2015]), we nevertheless conclude, after viewing the evidence in the light most favorable to plaintiff (see Moore, 129 AD3d at 1505), that defendant's own submissions "raise an issue of fact whether the speed at which [he] was traveling, although reduced because of the weather conditions, was reasonable and prudent under the circumstances" (id.; see Vehicle and Traffic Law § 1180 [a]; Bass v Burrell, 181 AD3d 1177, 1177 [4th Dept 2020]).
For the same reasons, we conclude that defendant failed to make a prima facie showing of [*2]entitlement to judgment as a matter of law based on the emergency doctrine (see Bass, 181 AD3d at 1177). " 'If a [trier of fact] determines that [defendant's] speed was unreasonable under the existing weather and road conditions, the [trier of fact] could also conclude that [defendant's] own unreasonable speed was what deprived him of sufficient time to avoid the collision, thereby preventing him from escaping liability under the emergency doctrine' " (White v Connors, 177 AD3d 1250, 1252-1253 [4th Dept 2019]). Because defendant failed to meet his initial burden, the burden never shifted to plaintiff to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court